Opinion of the court, by
Judge Lane:
The present case presents the single question, whether the appraiser of land at an administrator’s sale stands in such a relation that his purchase, without fraud, will be set aside at the instance •of the heirs; for the question respecting the quantity to be sold, is to be made only before the court granting the order and confirmation. 10 Pet. 450; 6 Ohio, 269; 7 Ohio, pt. 1, p. 262. There *563 seems no reason to distrust the integrity of Armstrong, or the fairness of the sale. The appraisal is not shown to be too low, when made, although the land has since appreciated. The sale was at public vendue, and no proof is made that Armstrong assumed to purchase for the benefit of the family.
The statute of 1824 (2 Chase’s L. 1300, sec. 12), forbidding purchasers by appraisers, relates to sales by execution only. The disability of the appraiser in the present case, if it exists, arises *under those general principles of equity, which prevents those from acquiring a title, to whose discretion or agency the management of a sale is confided.
The application of this doctrine to trustees, executors, attorneys, and agents is familiar in all the books. A majority of the court unite in the opinion, that the principle of exclusion attaches to every person, to whose integrity and judgment is committed the execution of any step needful in making the sale.
Where the law creates fiduciary relations, it seeks to prevent the abuse of confidence, by insuring the disinterestedness of its agents. It holds the relations of judge and party, of buyer and iseller, to be entirely inconsistent. The temptation to abuse power for selfish purposes is so great that nothing less than that incapacity is effectual, and thus a disqualification is wrought by the mere necessity of the case. Fullness of price, absence of fraud, and fairness of purchase are not sufficient to countervail this rule of policy. To give it effect, it is necessary to recognize a right in the former owner, to set the sale aside in all cases on repayment of the money advanced. 2 Johns. Ch. Cas. 252, and eases cited; 1 Story’s Eq. 315, et seq.
The appraiser of land is interposed between the buyer and seller in judicial sales, to prevent sacrifices, at undue prices, to the detriment of those interested in its value. If he were permitted to profit by his position, the law would lose its strongest security for his integrity. The legislature has acted in view of this, by imposing on him a disability by statute to purchase at sales under execution; but in this it only adopted a well-established rule of policy applicable to all analogous eases.
Bill of review dismissed.