MANCHESTER et, Appellees, v. THE CLEVELAND TRUST CO., as Trustee for Samuel Austin and Sarah J. Austin, Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24305.  Decided August 17, 1960.

Van Aken, Whiting, Arnold & Nash, for appellees.
Baker, Hostetler & Patterson, for appellant.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law and fact from the Common Pleas Court of Cuyahoga County.

This case was first tried in that court, and from the judgment then rendered an appeal on questions of law was perfected to the Court of Appeals. The judgment of the Court of Appeals reversed the trial court, and, when a motion to certify such judgment to the Supreme Court of Ohio was overruled, the proceeding was returned to the Common Pleas Court of Cuyahoga County for retrial.

The matter was retried in the Common Pleas Court upon the record ·presented at the first trial, with the right to reoffer any excluded testimony, or exhibits excluded, in the first trial, plus additional competent evidence and exhibits.

The issues in the trial court were made up by a third amended petition, filed February 11, 1949, and refiled as amended on September 24, 1956; the answer of the Cleveland Trust Co. to the third amended petition as amended; a supplemental petition; and an answer to the supplemental petition.

In this court the issues for this trial de novo are made up by the pleadings as filed in the Court of Common Pleas above set out, plus a second supplemental petition filed in this court by the appellees, and a supplemental answer, and an answer to the second supplemental petition, filed by the appellant in this court.

The evidence before this court is stipulated as "the testimony taken and the exhibits offered and admitted and the stipulations and admissions made in the Court of Common Pleas before" each of the judges who presided at the previous trials, "supplemented by the additional testimony taken and exhibits offered and admitted in this court," taken before a master commissioner "as shown in the transcript thereof filed herein, preserving however, the objections and exceptions of the parties in the record in this court and before" the master commissioner.

As indicated above, this is an appeal on questions of law and fact, and, because repeated reference is made, by counsel for the parties, to the law of the case and the conclusions reached by both Trial Judges and the Appellate Judges who heard the first appeal, we deem it proper to set forth the nature of an appeal on questions of law and fact. In so doing, we do not disparage or adversely criticize our brother judges, but the responsibility here is our own, and, as men differ, so judges differ, and hence we may reach a different conclusion from the facts presented to us.

Sec. 2505.21 R. C., in its pertinent part, says:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts de novo which shall be upon the same or amended pleadings. The court shall review the final

order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

The trial of a case in the Court of Appeals on questions of law and fact proceeds as though the case had never been tried in the Common Pleas Court, and is, in all respects, a new and different trial.

City of Akron v. S. A. Klein, 171 Oh St 207.

State, ex rel. Continental, etc., v. Birrell, Judge, 164 Oh St 390, at p. 392.

3 O. Jur. 2d, Appellate Review, Sec. 353, and authorities there cited.

It is our judgment that the doctrine of the law of the case does not apply in a situation as we have before us. This action had never before been fully presented to a trial court.

Samuel Austin and his wife, Sarah J. Austin, each established a trust, naming The Cleveland Trust Company as trustee. These trusts granted the benefits thereof to the settlors for life, then to their children for life, and the remainder (with certain exceptions as to the Austin Company stock held by the trusts) to the descendants of the children. Mrs. Austin died in 1933, and Mr. Austin died in 1936. Mr. and Mrs. Austin had one son, Wilbert J., who died in 1940, and four daughters. One daughter has died since the institution of this action. The three living daughters and the remaindermen are the appellees herein.

The assets of the trust consist almost entirely of shares in The Austin Company, a corporation founded by Samuel Austin and his son, The Austin Company stock is held by: the two trusts, the members of the Wilbert J. Austin family, and by the officers, directors and employees of The Austin Company.

The control of the Austin Company is in the hands of the officers, directors and employees. George A. Bryant, the present chairman of the board of directors of the company, and his wife, are large stockholders. Mr. Bryant was the executive officer of the company from shortly after the death of Wilbert J. Austin until very recently. He is also a stockholder and director of the appellant, The Cleveland Trust Company, one of 25 men who serve on the board of directors of that institution. The trusts herein held about 8% of the capital stock of The Austin Company. Thus, the overwhelming control of The Austin Company is vested in the hands of others than the trustee for the beneficiaries of these trusts.

The Austin Company, a successful and highly-profitable venture, almost from its inception and before its incorporation by the father and the son, has for many years been a valued customer of The Cleveland Trust Company. Samuel Austin was a holder of a few shares in the trust company at his death.

Samuel Austin before his death began a program of selling to his principal officers and employees shares of stock in The Austin Company. The business of the company, although founded by Samuel Austin and developed by his son, Wilbert, and himself, depends upon the technical skill of its employees, since it is largely a service corporation that sells

"know-how" and not a product. Many years before the death of the settlors, Wilbert J. Austin was the largest stockholder. The terms of the trusts provided that Wilbert, his representatives or his family, if he were to die, would be permitted the first right of refusal of purchase of any stock distributed or sold out of the trusts, in the event the trustee made an offer to sell such trust-held stock of The Austin Company.

Over the years since Mr. Bryant became a stockholder of The Austin Company, he has become imbued with the desire to acquire, for the active employees of The Austin Company, all of the outstanding capital stock. This stock is given as bonus payment, or sold at an advantageous price, to officers and employees of the company, with a repurchase clause whereby, upon the death of an officer or employee of the company, the stock is again brought into the treasury of the company for resale to other officers and employees. This program of stock purchase, advocated by Mr. Bryant, is not a secret affair with him, but is fixed, well known, and so ardently pursued as to become a prime object of his career.

Mr. Bryant is described as an able industrialist, steadfast in his efforts to accomplish his objectives, and very energetic. Other descriptive terms are used when speaking of him, but the results of his work with The Austin Company have caused it to become a very profitable enterprise. What discipline he can exert over his desire to have all of the capital stock of The Austin Company placed in the hands of its actively-engaged officers and employees is not something upon which this court should speculate. Although Mr. Bryant, along with a Mr. Karch of The Cleveland Trust Co., is made the bete noire of this case, neither is a party to this action.

The Cleveland Trust Company has as its policy, but not as a bylaw of its charter, a provision that a director shall exclude himself from a meeting when matters of great moment are discussed in which such director has a personal interest. The inference is left that the director remains in the meeting and participates in the discussion, but refrains from voting on the subject if such subject involves only a minor matter in which he has a personal interest.

We query: Who decides whether the matter is large or small, major or minor? How large is large; and by what yardstick do we measure small?

Mr. Bryant and other officers of The Austin Company were engaged in negotiations with The Cleveland Trust Company as trustee, seeking through such negotiations to purchase for The Austin Company the shares of stock held by the trusts in that company when the instant action was filed in the Court of Common Pleas. Mr. Bryant was not present in the meeting of directors of the trustee-appellant, The Cleveland Trust Co., when the offer of The Austin Company was made to purchase the trust-held shares.

It is principally the conduct of Mr. Bryant about which the life beneficiaries (appellees herein) complain, although the action is not against him, but against the trustee, The Cleveland Trust Company. As we have indicated above, one of the persons against whom most

bitter complaint is made is a Mr. Karch, a vice president of The Cleveland Trust Company, and the person is whose charge the trustee has placed the Austin trusts.

The action as filed by the appellees asks that: The Cleveland Trust Company be removed as trustee of the Austin trusts because of its disloyalty in the administration of the trusts, and the conflict of interest between it and one of its directors, a chief officer of The Austin Company; a substitute trustee be appointed; The Cleveland Trust Company be required to account for, and to refund, all fees and other charges received by it since 1936 as compensation and expenses for administration of the Austin trusts; and that such other and further relief as to which the parties-appellees may be entitled, be granted.

The Cleveland Trust Company denies that it has in any manner been disloyal in the administration of these trusts, and, in effect, says that it has at all times administered these trusts in accord with the expressed wish of the settlors and the established law.

The beneficiary-appellees say that, if relief short of removal of the trustee is granted, then such relief should provide: an injunction against the sale of the trust stock to The Austin Company or Mr. Bryant; for the removal of Mr Karch from the supervision and administration of these trusts; an injunction against Mr. Bryant participating in any manner with any officer, employee, board or committee of the trustee in any consideration or discussion of action relating to The Austin Company stock held in the trusts; that the trustee shall advise the beneficiaries promptly regarding any matters of serious consequence affecting the trust stock in The Austin Company which may come to its attention.

The trial judge in the instant action granted relief short of removal; the journal entry approved by such judge, in its pertinent part, reads as follows:

"It is further found that the defendant has breached its duty of loyalty to the said trusts of Samuel and Sarah Austin, deceased, and to the **cestuis que trust**; that the defendant is antagonistic to the **cestuis que trust**, and that the **cestuis que trust** have lost confidence in the further administration of the trusts by the defendant. "The Court further finds that the welfare of the said trusts requires the granting of relief herein for the protection and preservation of the trust stock in The Austin Company; that the plaintiffs have no adequate remedy at law; and that the judgment, order and decree of this Court, as set forth below, is essential to the welfare of the trusts.

"The Court finds that the injunctions **pendente lite** granted the plaintiffs herein were essential to the protection and preservation of trust property pending a final decision in this case.

"It Is Therefore Ordered, Adjudged and Decreed that the defendant trustee shall not, during the continuance of the trusts, sell or otherwise dispose of any of the common or preferred shares of The Austin Company which are a part of the corpus of the trusts except under order of a court of competent jurisdiction on application containing a complete disclosure in connection therewith and the terms of the proposed sale,

obtained after due process upon all the cestuis que trust for life and in remainder and upon any other necessary parties.

"It Is Further Ordered, Adjudged and Decreed, that the defendant trustee shall completely insulate all of the Austin trust affairs from any director of The Cleveland Trust Company who is also an officer, director or employee of The Austin Company or who is legal counsel for or associated in the practice of law with legal counsel for The Austin Company and shall deny to any such director any activity in or information concerning the affairs of the Austin trusts.

"It Is Further Ordered, Adjudged and Decreed, that the defendant trustee shall attend all meetings of shareholders of The Austin Company and in the event of a disagreement between the two fiduciaries who exercise the voting rights of the shares of The Austin Company held in the Austin trusts, the trustee shall exercise its voting power solely in the best interests of the trusts as its judgment shall indicate.

"It Is Further Ordered, Adjudged and Decreed, that the defendant trustee shall, in good faith, endeavor to keep fully informed as to the affairs of The Austin Company, as shareholder thereof, and shall make such information available on request to two representatives to be selected, one by a majority vote of the cestuis que trust for life and one by a majority vote of the adult remaindermen.

"It Is Further Ordered, Adjudged and Decreed, that the injunctions pendente lite entered herein be and the same hereby are dissolved.

"It Is Further Ordered, Adjudged and Decreed, that the defendant shall pay the court costs of this action and shall pay them in its corporate capacity and not as trustee, nor from assets of the Austin trusts."

The evidence and exhibits are voluminous, and such matter, together with the pleadings, journal entries and briefs, exceed five thousand pages. To detail each and every claim, and the evidence concerning it, would so lengthen this opinion as to make it burdensome for the interested parties. We shall only summarize our conclusions upon those features that we believe to be important and controlling. Some review of the evidence taken at the first trial, which evidence is also before this court, may be found in Manchester et al, v. Cleveland Trust Co., 95 Oh Ap 201.

Two of the members of this court also had before them an action by The Cleveland Trust Co., as Trustee, against the appellees herein, to construe the provisions of the Samuel Austin and Sarah J. Austin trusts. The opinion in that case is reported in 73 Abs 98. The court, speaking through Judge Doyle, there said, in part (at p. 104):

"(a) Under the terms of the instruments (the trusts established by Samuel Austin and Sarah J. Austin) the widow and children of Wilbert J. Austin have the first right to purchase any of Austin Company stock to be sold or distributed by the trustee in the administration of the trusts, and such right extends to shares distributable in kind upon the death of any one of the settlors' daughters."

After several weeks spent in reading, analyzing the testimony, and investigating the authorities cited by able counsel for the respective parties, this court has some very definite views as to the cause of the controversy that exists concerning the Austin trusts. It is not proper

for a court to philosophize, or to speculate, concerning the matters that come before it. Why Samuel Austin and Sarah J. Austin kept from their daughters the right to have shares of stock in the Austin Company sold or distributed to the children who did not bear the name of Austin is not a seemly matter for us to discuss.

The settlors chose a banking institution to act as trustee of their property for the benefit of their children, especially the daughters. Broad powers of administration and management of their estates were given to such trustee by the settlors. They had faith in the banking institution of their choice. The plaintiffs herein have failed to establish that such trust has been misplaced. We do not find that the Cleveland Trust Company has been disloyal to the trusts or to the beneficiaries thereof.

The fact that an overzealous clerk sought to collect an illegal judgment, shows that institutions operated by human beings do err at times. Even though the rectification of the error was made, that error should have been admitted candidly and with less verbiage. An error quickly, forthrightly and frankly confessed is less serious than verbose explanations. We do not, however, deem the Casselli matter a ground upon which to base a claim of disloyalty, or a matter which requires the intervention of a court of equity in these trusts.

What, then, of the conduct of Mr. Karch, the vice-president of the trustee who had charge of the administration of the trusts? He told, by letter, the beneficiaries about the price at which the trustee thought Austin stock should be sold (which sale of stock was necessary to meet death taxes and bequests), and each beneficiary refused to purchase at a lesser price. Of course, hindsight made that decision of the beneficiaries and the trustee seem ridiculous, but trustees are not gods and clairvoyance is not a requisite in their business. At the time of the transaction, it was a sound and wise conclusion which proved, in the course of years, to be erroneous; but that, too, is no ground to base a claim of disloyalty, or a matter which requires the intervention of a court of equity in these trusts.

Mr. Karch sought at all times to keep the beneficiaries informed and to secure their approval for any action taken by the trustee with respect to these trusts, although not required to do so by the action of the settlors. Complaint is made by the beneficiaries that Mr. Karch both did and did not inform the beneficiaries of action taken with reference to the trust matters. We are somewhat confused as to what position the plaintiffs-appellees want to take in that matter.

Mr. Freiberger, the chairman of the board of directors of the appellant trustee, The Cleveland Trust Company, was a witness in this case. His personal interest is undoubtedly great, for he, as a friend of Samuel Austin, secured the execution of the first trusts, which, through successive amendments by the settlors, resulted in the indenture now administered by the trustee. No criticism can in any way be directed against him or his actions with reference to these trusts.

A few brief words more concerning Mr. Bryant, who has been characterized heretofore in this opinion. His vehement and unrestrained use of invective a few times during the course of his testimony shows with what ardor he will pursue his objective. Age has not blunted his

determination, nor apparently the thought of life hereafter caused him to contemplate any other end than control of all Austin stock for active employees—except of course his own. These trusts have very little stock in the Austin Company—8% or less—an amount much too small to prevent almost any action the majority stockholders wish to lawfully take with reference to The Austin Company. Time and the terms of the trusts are on the side of the employee-stockholders and the members of the Wilbert J. Austin family.

The conclusion of fact 29, filed April 9, 1956, in the case of **Whiting et al, v. Bryant et al, 102 Oh Ap 508,** which conclusion was made an exhibit in this case, in part said:

"29. Whether it would be to the best interests of the trust to sell such stock would basically depend upon the consideration to be paid for it which is subject solely within the powers of the trustee of the Austin Trusts. It must be true that the 'valuable and profitable property interest in The Austin Company' held by the trust would not be disposed of by the trustee for less than it is worth. In all events, neither Mr. Bryant, as President, of The Austin Company, nor as a member of the voting committee, can in any way compel the trustee to sacrifice the trusts' interests in its Austin Company stock. * * *"

With such conclusion we must agree.

This court most ardently subscribes to the statement contained in the case of **In re Estate of Binder, 137 Oh St 26,** at p. 47, which case quotes from the honored statement of Judge Cardozo in Meinhard v. Salmon, 249 N. Y. 458, 164 N. E. 545, 62 A. L. R. 1.

There is a rule as well honored as that above quoted, which is, that, in the trial of an action, he who alleges must prove his allegations. The beneficiaries have made certain claims against the trustee, and hence the burden is upon them to establish those claims by that degree of proof which the law requires in similar cases.

There are few, if any, reported cases in Ohio which discuss the degree of proof required in an action to remove a trustee, or to enforce other relief short of removal. Our search of the Ohio authorities has not been very productive, but certainly the degree of proof should be more than a preponderance of the evidence. We believe, in cases such as the one now before us, that, before a trustee can be charged with disloyalty, with a breach of trust, or with engaging in conflicting interests (unless the rule of "no further inquiry" applies), those claiming such forms of misconduct are required to establish their case by clear and convincing evidence.

This court, in **Whiting et al, v. Bryant et al, 102 Oh Ap 508,** at **page 516,** said:

"The removal of a trustee by a court in the exercise of its equitable jurisdiction from duties imposed upon him at the direction of the settlors, his selection for the office being as directed by the settlors, is a drastic action, and such action should be taken only where intervention is necessary to protect the trusts' assets."

"The court is less ready to remove a trustee who was named by the settlor than it is to remove a trustee appointed by the court or by a third person in the exercise of a power to appoint trustees."

1 Scott on Trusts, Sec. 107.1, and cases there cited.

Cases which illustrate that clear and convincing evidence is necessary in matters where relief in the nature of a penalty is imposed, are set out in 21 O. Jur. 2d, Evidence, Sec. 703. We believe the relief sought in the instant case requires the same degree of proof. Chicago Title & Trust Co. v. Rogers Park Apartments Bldg., Corp., et al., 32 N. E. 2d 137, at p. 141. Mertz v. Owen et al, 126 P. 2d 720, at p. 725.

"The removal of a trustee is a drastic action which should only be taken when the estate is actually endangered and intervention is necessary to save trust property."

Ingalls v. Ingalls, 59 So. 2d 898, at p. 903.

Counsel for the beneficiaries insist that, since George Bryant is one of the directors of The Cleveland Trust Company, he is, in effect, a trustee. It is claimed that, because of the offer by The Austin Company to buy the Austin shares held in the trust, there is thus a conflict of interest between the trustee and the beneficiaries, and no further inquiry need be made into the facts surrounding such offer, but the trustee should thereupon be removed at once.

Mr. Bryant is one of twenty-five directors of the trustee bank, and, although we are certain, from reading the testimony of George A. Bryant, that he will leave no stone unturned to gain his end, we are reluctant, without evidence, to characterize the other twenty-four directors as men of small conscience and little principle.

The stock has not been sold, nor has any offer been submitted to the trust officers since this action was instituted; which officers, by their own testimony—which we find is worthy of belief—will consult with the beneficiaries before sale, even though, under the terms of the trust, such action need not be taken.

The claim that the rule of "no further inquiry" applies in this case cannot be seriously asserted, unless there is first determined to be a breach of trust. We have specifically found no such breach established by the degree of proof required by the law of this state, even though we adopt the rule announced in Wendt v. Fischer, 243 N. Y. 443, 154 N. E. 303. In that case, as in the others cited, especially **Piatt et al v. Longworth's Devisees, etc., 27 Oh St 159, at p. 195**, the rule is applied when there is a completed transaction between the trustee and the trust, or, as in the cited cases, where an agent covertly secures an advantageous sale to himself of the lands the agent is hired to sell. It is under those circumstances that the courts say there shall be no further inquiry as to the fairness of the transaction; the transaction must be set aside whether fair or not; for as was said in Piatt et al v. Longworth's Devisees, etc., supra, at pages 195-196:

"The policy of the rule is to shut the door against temptation in cases where this relationship exists; it is of itself deemed sufficient to create the disqualification. The sale will be set aside, not because there is fraud, but because there may be fraud."

If the fact that George Bryant is both a director of The Cleveland Trust Company and a chief officer of The Austin Company, creates a conflict of interest, then relief must be given herein, notwithstanding

a failure to prove, by clear and convincing evidence, the other charges made by the beneficiaries. "A conflict of interest is incompatible with undivided loyalty of the trustee toward the cestui que trust." **Manchester, et al v. Cleveland Trust Co., 95 Oh Ap 201, par. 4** of syllabus.

We have been cited several cases from other jurisdictions which show that the fact of possible conflict of interest which could arise because the corporate trustee did business with, or had on its board an officer of, a closely-held corporation, stock of which was an asset of the trust estate, does not as a matter of law create a conflict of interest. Among such cases are: Ingalls v. Ingalls, 59 So. 2d 898; In re Estate of John P. Gehl, Dec'd., 92 N. W. 2d 372; Edson v. Norristown-Penn Trust Co., 59 A. 2d 82; Loud v. St. Louis Union Trust Co., 281 S. W. 744.

The testimony in this case does show, however, that The Austin Company is a depositor and a potential borrower (although the line of credit extended them by The Cleveland Trust Co. has only been used once in many years) from the trustee herein. The bank surely makes the usual profit from the deposits so maintained by The Austin Company, and hence the relationship is undoubtedly one which the bank wishes to maintain.

This relationship between The Austin Company, George Bryant, other chief officers and the trustee, is a fact that now exists. It is real and not potential; present and not in the future. These transactions do not involve direct dealings with the trust estate, but with the trustee only, but they are a source of profit to the trustee, and hence present a constant opportunity to weigh the questions that arise, which questions may be decided for or against the trust in matters wherein George Bryant and the other chief officers of The Austin Company are interested.

A trustee faced with such a dilemma of its own creation, whose private interests present a constant threat of conflict with the management of the trust estate, should, like Caesar's wife, be above suspicion. Where sale of Austin Company stock is contemplated, the trustee should apply to the court for permission to complete a sale, notwithstanding the terms of the trust agreement do not so provide. It must be remembered that The Austin Company, the large depositor, had made an offer, through George Bryant and other officers of The Austin Company, just before this action was filed, to buy the trust-held Austin Company stock.

Although we do not find disloyalty to the trust to be established, we do find such a conflict of interest to exist which, with respect to the trust-held Austin Company stock, requires the intervention of a court of equity.

It is therefore the order of this court that, before any Austin Company stock held by the Austin trust is sold, the trustee shall first secure an order of the proper court for permission to consummate such sale. In all other respects, the relief prayed for is denied. Fees of counsel for plaintiffs-appellees shall be paid in full from the trust, and seventy-five percent of the counsel fees of The Cleveland Trust Company in the defense of this action shall be paid from the income of the trust.

Counsel for The Cleveland Trust Company shall prepare the appropriate journal entry herein, with exceptions granted to the parties, and present such journal entry to this court within the time granted by rule of court.

DOYLE, PJ, GRIFFITH, J, concur.