CENTRAL NATIONAL BANK OF CLEVELAND, TRUSTEE, *v.*
BREWER ET AL.

[Cite as Central National Bank of Cleveland v. Brewer, 8 Ohio Misc. 409.]

(No. 830679—Decided October 25, 1966.)

Common Pleas Court of Cuyahoga County.

*Messrs. Baker, Hostetler & Patterson* by *Mr. Richard F. Stevens, Mr. John R. Ferguson* and *Mr. Jonathan E. Thackeray,* for plaintiff.
*Mr. Phillip A. Ranney,* for defendant (Guardian ad litem for minors).
*Messrs. Thompson, Hine & Flory* by *Mr. Frank E. Bubna* and *Mr. Michael M. Hughes,* for defendants (Adult Life Beneficiaries).
*Mr. Richard M. Donaldson,* for defendant (Trustee for persons unborn).

LYBARGER, J. This action is brought by a corporate trustee of an irrevocable inter vivos trust for equitable relief and particularly for instructions as to whether it may legally buy property it holds in a fiduciary capacity, which purchase it contends is in the best interest of the trust and all of the beneficiaries thereof. The issue is a narrow one but apparently of first impression in Ohio.

Plaintiff is the Central National Bank of Cleveland, trustee under a trust agreement dated December 22, 1941, made with Annabelle Wilson Nobles, said trust being hereafter referred to as the Nobles Trust. The defendants are all the beneficiaries of the Nobles Trust, including seven life beneficiaries in present enjoyment, all of whom are adults; fourteen minor children of certain of said life beneficiaries, such minors being great-grandchildren of the settlor and each being a potential remainderman of the Nobles Trust, and all persons unknown or not yet born who are or may become entitled to any interest whatsoever in the Nobles Trust.

The facts in the case are clear. Mrs. Nobles (widow) made her trust agreement with Central National Bank of Cleveland as trustee, for the benefit of her son and his wife, her daughter and her husband and the lineal descendants of said son and daughter. Presently in enjoyment of a share of the Nobles Trust are a daughter-in-law, a son-in-law and each of the five grandchildren of the settlor, all adults.

The settlor gave to adult beneficiaries in present enjoyment much discretion and wide powers to guide the trustee in the administration of the trust, as for example the provision that in order to sell, purchase, exchange, invest, re-invest or lease trust property, the trustee must first get the written consent of a majority of such beneficiaries. Settlor even gave them the power, by unanimous action, to remove the present trustee and replace it with a fiduciary of their own choice.

This suit is concerned with an asset of the Nobles Trust constituting an undivided one-half interest in two parcels of land in Cleveland bounded on the north by Superior Avenue, on the east by the Ellington and other apartments (owned by Superior Ninth Realty, Inc.) on the south by Vincent Avenue, and on the west by Hollenden House and the Theatrical Restaurant. Presently the trust parcels are leased by the plaintiff as trustee to Allerton Parking Corporation. The other one-half interest in the trust parcels is owned in common tenancy by the plaintiff as trustee of a revocable inter vivos trust created by Mabelle Wilson Stearns, February 13, 1957, as amended, and known as the Stearns Trust.

The plaintiff in its individual corporate capacity now desires to obtain sufficient land at the southwest corner of Su-

perior Avenue and East 9th Street for the construction of a multi-story tower office building for the bank's new home office. To this end it has obtained from Superior Ninth Realty, Inc., an option to buy the corner parcel, between Superior and Vincent Avenues, and an option directly from Mabelle Wilson Stearns to purchase her undivided one-half interest in the above mentioned premises which are, to a like extent, an asset of the Nobles Trust.

In dealing with all of the present adult beneficiaries, prior to the filing of this action, the plaintiff has complied with all of the provisions of the trust instrument relative to sales and purchases. It has been in communication with all of the adult beneficiaries, their legal counsel and the investment advisor to one branch of the Nobles family. It has made a full and frank disclosure of its individual corporate interest in buying the Nobles Trust's one-half interest in the premises, and has made clear the use it proposes to make of the land. It has related to the beneficiaries the limitation on its right to deal with a trust asset due to its fiduciary relationship. The court observes that the adult beneficiaries, exercising their discretion under the terms of the trust agreement, and after first having obtained advice from legal counsel, investment consultants and realty experts of their own choosing, have unanimously consented in writing to the granting of an option of purchase to the plaintiff in its individual corporate capacity upon the terms set forth in the purchase offer made by the plaintiff.

The plaintiff's petition and the evidence reveal that plaintiff offered $750,000 for the undivided one-half interest in the land held in the Nobles Trust and a like sum for the undivided one-half interest in the Stearns Trust. In this connection the court should observe that each of the defendant adult beneficiaries has filed a separate answer alleging that "it is to the best interests of all of the defendants that the undivided one-half interest * * * be sold concurrently with the Stearns undivided one-half interest," and joining in the prayer of the petition that the court approve the plaintiff's entering into the agreement to consummate the sale.

On the other hand, answers filed by the guardian ad litem for the fourteen minor remaindermen of the Nobles Trust (all children of some of the adult defendant beneficiaries and being

all of the great-grandchildren of the settlor), and by the trustee for persons unknown or not yet born, deny for want of knowledge the allegations of the petition, and aver that the plaintiff is disqualified from selling the trust property to itself in its individual capacity because of its fiduciary relationship.

The *issues* which the court must decide are: (1) Does a court of equity have power to authorize a corporate trustee to purchase in its individual capacity an asset which it holds as a fiduciary in an inter vivos or non-testamentary trust? (2) If so, has the plaintiff performed all of the prerequisites to such judicial authorization?

An examination of the Revised Code of Ohio reveals no statute that deals with the situation here presented. Section 2109.44, Revised Code, part of the Probate Code, is titled: *"Fiduciaries not allowed to have dealings with estate; exception."* It provides in part that "* * * no corporate fiduciary shall be permitted to deal with the estate, any power in the instrument creating the trust to the contrary notwithstanding." Section 2109.01, Revised Code, makes it clear that "fiduciary" as here used means one "appointed by and accountable to the probate court * * *." The section quoted, therefore, is not applicable to the trustee of an inter vivos trust. To this effect is *Ulmer* v. *Fulton* (1935), 129 Ohio St. 323. See also, *In re McKinstry's Estate* (1946), 34 O. O. 300; *National City Bank of Cleveland* v. *Baldwin* (1962), 90 Ohio Law Abs. 228.

The court's attention has been called to *In re Estate of Binder* (1940), 137 Ohio St. 26, which said by way of dictum (pg. 39):

"The clause in the above statute (Section 2109.44, Revised Code), 'but no corporate fiduciary shall be permitted to do so,' was inserted by amendment in 1935 (116 Ohio Laws, 385, 392), and, therefore, does not specifically apply to the case at bar, but it is declaratory of the common law and crystallizes in statutory form the age-old rule on this subject, circumscribing within carefully restricted limits the authority and power of a trustee in this regard."

In this decision the court was dealing with a testamentary trust and not with the question presented in the instant case. (In *Binder* "the trustee bank * * * was guilty of disloyalty and

breach of trust * * *." Id. pg. 57.) The quotation above relates to and comments on language in a statute that is not here applicable. This court cannot interpret the dictum as saying that at common law a corporate trustee of an inter vivos trust was not permitted under *any* circumstance to purchase trust property, although such purchases always have to be circumscribed by "carefully restricted limits." Certainly, as the court said (Id. pg. 56), "the rules of law relating to the *loyalty* of a trustee to his trust are, for the most part, constant and immutable because they are grounded on the principles of *honesty* and *integrity* which are changeless and eternal." (Emphasis added.)

Here *Binder* is commenting on ethical conduct which in the present case is in no wise challenged.

The court is of the opinion that *In re Trusteeship of Stone* (1941), 138 Ohio St. 293, is also not applicable to the instant case. In *Stone* the court held the trustee had bought securities in its own name, made a profit, then sold them to its trust.

It does not appear that in either *Binder* or *Stone* the trustee sought court approval before acting or revealed the relevant facts as to its interest. As was said in *In re Estate of Stafford* (1946), 46 Ohio Law Abs. 260, decided by the Court of Appeals of Cuyahoga County at pg. 271:

"No reason appears for extending the conclusions announced in the *Binder* and *Stone* cases to situations not covered by the facts furnishing a setting for such decisions."

The court is of the opinion that it must fall back on the common law as applied in Ohio in determining what if any relief equity may grant a corporate trustee when it is made evident that its fiduciary duty may be too tightly circumscribed by the rule proscribing self-dealing.

First, however, reference should be had to Section 1107.07, Revised Code, which indicates that a corporate trustee may act and shall be treated as an individual trustee. The statute says in part:

"A trust company may act as trustee * * * under the same circumstances, in the same manner, and *subject to the same control by the court*, as in the case of any other trustee." (Emphasis added.)

Several Ohio decisions, as well as a long line of cases de-

cided in many other jurisdictions, have recognized the principle that equity has the power to examine and pass upon a situation where a trustee may have justifiable occasion to deal with an asset from its trust. The leading case on the subject of self-dealing was decided by Chancellor Kent, early authority on equity law, in *Davoue v. Fanning*, 2 Johns, Ch. 252 (N. Y. 1816). After recognizing and applying the general rule prohibiting self-dealing, the court said (pg. 261):

"The only way for a trustee to purchase safely, if he is willing to give as much as anyone else, is by filing a bill, and saying, so much is bid, and I will bid more, and the court will then examine into the case, and judge whether it be advisable to let the trustee bid.

"In that way the court will devest him of his character of trustee, and prevent all the consequences of his acting both for himself and for the *cestui que trust*. In no other way, as he observed, could the trustee become the purchaser, without being liable to be called upon to give up his purchase."

This decision was heavily relied on in the early cases of *Barrington v. Alexander* (1856), 6 Ohio St. 189, and *Armstrong v. Huston's Heirs* (1838), 8 Ohio 552. The above passage was quoted and applied in *English v. Monypeny* (1891), 11 Ohio Dec. Reprint 394, 401, *rev'd on other grounds* (1892), 6 Ohio C. C. R. 554, *affirmed* (1892), 56 Ohio St. 733. See also, *Rammelsburg v. Mitchell* (1875), 29 Ohio St. 22; *Glemser v. Glemser* (1898), 5 Ohio N. P. 170, 5 Ohio Dec. 267.

In *Naus v. Vorndran* (1927), 116 Ohio St. 327, the court quoted with approval *In re Brittain's Estate* (1905), 28 Pa. Super. Ct. 144:

" 'No person acting in a fiduciary character can purchase at his own sale, directly or indirectly, or acquire by purchase any interest in the trust estate, without the consent of the beneficiary or others, interested therein, *or of the court having jurisdiction of the trust, * * * or unless, if selling under a power, he is by its terms permitted to purchase.' " (Emphasis added.)

In *Crites, Inc., v. Prudential Insurance Co.* (6th Cir. 1943), 134 F. 2d 925, *rev'd on other grounds*, 322 N. S. 408 (1944), the Federal Circuit Court applied Ohio law and discussed the rule against self-dealing (pgs. 927-8):

"The rule is, however, subject to this modification,—that where the sale of trust property is made pursuant to a decree of the court, by a special commissioner or other agent appointed by the court, the fiduciary has the right and privilege of purchasing. In such cases the reason for the rule, to wit: a conflict between personal interests and fiduciary duties of the trustee, is absent, so the rule does not apply. * * * This court has recognized and applied such modification of the general principle in *Anderson* v. *Messinger*, 6 Cir., 146 F. 929, 7 L. R. A., N. S. 1094 and Ohio law is not otherwise. *Beckman* v. *Emery-Thompson Machinery & Supply Co.*, 9 Ohio App. 275."

Counsel on both sides have cited *Manchester* v. *The Cleveland Trust Co.* (Cuyahoga Co. Court of Appeals, 1960), 84 Ohio Law Abs. 321. The facts differ from those in the present case, but they do involve the issue of self-dealing. This court is of the opinion that *Manchester* sustains the propriety of a court of equity examining into any conflict of interest of a corporate trustee of an inter vivos or non-testamentary trust, scrutinizing the ethical nature of such trustee's course of action, and authorizing a transaction which it finds proper after such examination.

On the subject of the propriety of a trustee purchasing trust property, after full disclosure of relevant circumstances and upon the approval of a court of competent jurisdiction, the text writers have said:

*Restatement, Second, Trusts*, Section 170, comment f:

"The trustee can properly purchase trust property for himself with the approval of the court. The court will permit a trustee to purchase trust property only if in its opinion such purchase is for the best interest of the beneficiary. Ordinarily the court will not permit a trustee to purchase trust property if there are other available purchasers willing to pay the same price that the trustee is willing to pay."

Bogert, *Trusts*, 2d Ed. 1959, Section 543, pg. 493:

"The fiduciary may be authorized by statute to bid at his own sale. The court may generally also approve the sale to the trustee in advance, or confirm it after the event, and the cestuis will be bound by such action if they had an opportunity to be heard and the court was not imposed upon."

*Scott on Trusts*, 2d Ed. 1956, Section 107.7, pgs. 1211-12;

"The circumstances may be such, however, that it would be advantageous to the trust estate for the trustee to purchase the property. The property may be difficult to dispose of, and the trustee may be willing to help the estate by taking it over at a fair price and at a price greater than that which any other purchaser would pay. In such a case, a court having jurisdiction over the administration of the trust may approve a sale to the trustee individually * * *.

"The reason why the permission or approval of the court is sufficient to justify a sale of trust property to the trustee personally is that a court of equity is a court having general supervision over the administration of trusts, and if the parties are properly represented before it, it has authority to authorize what would otherwise not be permissible."

Ohio law is summarized likewise in 23 Ohio Jurisprudence 2d, *Fiduciaries*, Section 129, pgs. 713-15 and 1966 Supplement, pg. 35.

The court is abundantly satisfied that a court of equity has authority in Ohio, under proper conditions, to "devest the trustee of his character of trustee," as Chancellor Kent said many years ago, and authorize a corporate trustee of an inter vivos or nontestamentary trust to purchase trust property in its individual capacity.

Has the plaintiff here met the prerequisites of such authorization?

It is the law that under circumstances such as are found here, the trustee must make a full disclosure of all pertinent facts to the beneficiaries and the court. See *Crites* v. *Prudential Insurance Co.* (1944), 322 U. S. 408. The beneficiaries must understand the information conveyed and have the benefit of advice independent of the trustee. See *Tognazzini* v. *Tognazzini* (Calif. Ct. App. 1954), 271 P. 2d 77, and *In re Fiske's Estate* (1940), 207 Minn. 44.

As a matter of fact the court has found that the trustee made a full and fair disclosure of the pertinent facts to all adult life beneficiaries, who, possessing broad powers under the terms of the Nobles Trust, upon counsel's advice have joined in plaintiff's prayer for instructions and have further asked approval of the proposed transaction. The purchase is advantageous to the trust. See *Scott on Trusts, supra.* The highest and best

use of the Nobles Trust's one-half interest in the parcels must be in connection with the Stearns one-half interest. Otherwise a difficult and possibly disastrous partition suit might at some time destroy much value and reduce the beneficiaries' chances of a fair return. Also the use of the trust land in conjunction with the corner area owned by Superior Ninth Realty, Inc., is obviously of decided advantage to any prospective purchaser and therefore a means of assuring the most favorable price. In the judgment of the court the monetary offer of plaintiff is the highest and best price obtainable for the premises and is fully adequate and fair, being approximately fifty percent more than the fair market value as testified to by expert and reputable real estate appraisers, including one employed by the adult beneficiaries.

The court has been conscious of the best interests of the remaindermen, all minors, and of persons unborn who could possibly some day become remaindermen. All such are, or most likely to be, children or grandchildren of the adult life beneficiaries who have fully approved the transaction and who stand, in a sense, as cofiduciaries. *2 Scott on Trusts* (1956), Section 185. It is hard to believe that such adult beneficiaries would not also have in mind the best interests of their children and grandchildren.

The court had the benefit of scholarly briefs from counsel of all parties and it commends counsel for defendants who are minors or unborn for bringing to the court's attention all points of law that might help assure full consideration of the problem before the court.

For the above reasons the court approves the proposal of the plaintiff and instructs it that it has full power and authority to enter into an option agreement with itself in its individual corporate capacity upon the terms set forth in its petition, and may, if the option is exercised, consummate the sale and in due course have the sanction of the court to the same. A decree to this effect may be drawn by counsel and shall be approved by the court.

*Decree accordingly.*