**CHAPMAN, Plaintiff-Appellant, v MENKE AND MANNIX, Defendant-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 616.   Decided January 19, 1944.

Murphy & Staley, Greenville, for plaintiff-appellant.
T. A. Billingsley, Greenville, for defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the plaintiff and against the defendants for the sum of $62.80 with interest at 6% from January 2, 1942, and costs, it being the claim of appellant that the judgment is less than that to which she is entitled.

The cause was presented to the trial judge upon an agreed statement of facts which is the record in this court. It is made up largely of journal entries in the Probate Court growing out of the administration of the estate of George W. Mannix, Jr., deceased, of which estate for several years prior to July 13, 1933, defendants were acting as executors.

On May 31, 1933, an entry appears, the substance of which is to effect that, prior thereto, the executors had made application for an allowance for extraordinary services and expenses incurred in the management of said estate. The court allowed said executors, which also was inclusive of an amount due Conrad Kipp, a former executor, the sum of $8500.00 in full of their statutory percentage commission and extraordinary compensation, and they were directed to file a final account taking credit for the sum allowed, and to turn the balance of any sum in their hands, together with securities and other property of the estate to their successor. Exception to this order was noted only by Marjorie Mannix Chapman (plaintiff herein) sole heir at law of said estate. It appears by stipulation that the executors had requested the sum of $8900.00 as and for their compensation including extraordinary services. We may assume they were paid in full for their

statutory compensation and that the amount which the court refused to allow is representative of extraordinary compensation. The exceptor perfected her appeal to the Common Pleas Court where the judgment entered as to the amount of compensation to be allowed to the executors was the same as in the Probate Court.

On July 13, 1933, the resignation of the executors was accepted, effective forthwith, and after reciting that the appeal from the order of the Probate Court as to compensation was pending, the entry further provided:

"It is **agreed** and ordered that the said executors retain in their hands the money which they now have, and hold the same pending the termination of the question of compensation and upon such termination, render a final account promptly herein." (Emphasis ours.)

At this juncture we make some comment regarding the quoted portion of this entry. It will be observed that by the emphasized part thereof, it was an agreed entry but who agreed thereto does not appear. Inasmuch as the parties that had theretofore been interested specially in this allowance were the executors and the plaintiff, it is to be presumed that she was a party to this agreement. The only purpose that the quoted part of the entry could serve would be to hold the $400.00 in the hands of the executors during the period within which otherwise it might be distributed. It could not properly have been in the hands of any other persons than the executors because extraordinary compensation must first be allowed before the persons who are the executors are entitled to take it out of the estate and employ it to their use as individuals.

Succeeding the resignation of the executors the plaintiff, as the sole heir at law of the estate, was named administrator de bonis non with the will annexed of the estate of George W. Mannix, Jr., deceased.

As of date May 20, 1939, an entry in the Probate Court in the Mannix estate recites that the matter came on to be heard upon the exceptions to the fifth account of said executors. The court overruled exceptions to Items 1, 2, 3 and 5, sustained them as to the 4th Item of said exceptions and found that the executors should be charged with the sum of $400.00, "as hereinbefore found by various courts to be in excess of reasonable compensation" and ordered said executors to pay said sum to their successor without any deduc-

tions. Thereafter, on June 16, 1939, the court approved and confirmed the settlement of the fifth and final account of said executors, found no balance due from them except the $400.00 which was ordered paid to their successor. The trial court allowed interest on the $400.00 found to be due the estate from said executors from May 20, 1939. It is the claim of the appellant that interest should have been allowed from May 31, 1933, which was the date of the entry allowing $8500.00 to said executors as extraordinary compensation instead of $8900.00, the sum which they requested.

The question presented is further complicated by the fact that succeeding the confirmation of said executor's account, of date January 3, 1942, another entry is filed in the Probate Court, in case No. 16117, Riesley, Liquidating Agent, etc. v Marjorie Mannix Chapman, et al., which recites that it is understood and agreed that the former executors of the Mannix estate are indebted to the estate in the sum of $400.00 and that by agreement are instructed to pay a sum including the $400.00 to John Riesley as liquidating agent for the First National Bank of Pitsburg, Ohio. The entry further recites that it is understod and agreed that in the method of settlement recited the question of the interest upon the said $400.00 item is reserved for further determination.

On January 30, 1942, the court ordered that Marjorie Mannix Chapman, administrator de bonis non, etc., distribute in kind and assign unto herself individually, as sole distributee and legatee under the will of her decedent, stocks, bonds, and other assets which are specifically set forth and,

"And all rights, causes of action or claims now known or unknown, now accrued or which may hereafter accrue against all persons in favor of said estate."

Defendants in their brief do not discuss the law controlling as to the time from which interest should be allowed against the defendants but assert that no cause of action arises in plaintiff's behalf because the assignee of the claim for $400.00 of the estate against the executors (defendants herein) may not collect the interest because the principal had, without special reservation thereto, been assigned to a third party, namely, the liquidating agent.

Inasmuch as the defendants file no cross appeal, the judgment in the amount rendered by the Common Pleas

Court may not be questioned here, although, if plaintiff has not the basis for a judgment in any sum, she may not be heard to urge that she is entitled to a judgment in a larger sum than that which has been entered in her favor.

It is urged by the plaintiff that §8305 GC, is determinative of her right to the interest in the amount claimed by her. The section provides,

"In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, or **settlement between parties,** upon all verbal contracts entered into, **and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction,** the creditor shall be entitled to interest at the rate of 6% per annum, and no more."

The emphasizing is as made by counsel for plaintiff in its brief. The first part emphasized is "settlement between parties". We have heretofore directed attention to that part of the entry of date July 13, 1933, wherein it is stated that it is agreed that the $400.00 be held by the executors pending the determination of the question of the amount of compensation. There is nothing in the entry of May 31, 1933, to indicate any agreement. It should also be noted that the defendants took no exception to the refusal of the Probate Court to allow them the $400.00 additional which they sought to have allowed as extraordinary compensation and it was fixed as of that date, May 31, 1933, in view of the succeeding litigation, that they might not assert any right to said $400.00 as of a later date. However, if it was agreed that they, as executors, hold the $400.00 the question whether or not they should be required to pay any interest on it was of fact and within the discretionary power of the Probate Court to determine. The entry in the liquidation of The First National Bank case furnished no basis for computation of the amount of interest to be paid by defendants on the $400.00. This also is true as to the other part of 8305 GC, emphasized.

The order of the Probate Court of May 31, 1933, was that the executors were allowed the sum fixed which did not include the $400.00 requested but the court did not attempt then to fix any interest with which the executors should be charged during the time that they would hold this money pending the

outcome of the litigation. Nor did the court at any succeeding time pass upon this question. Whether or not the executors should pay interest on this $400.00 and, if so, the amount thereof was exclusively within the jurisdiction of the Probate Court to determine. **Sec. 10506-46 GC,** is controlling:

"A fiduciary who has funds belonging to the trust not required for current expenditures shall, unless otherwise ordered by the Probate Court, invest or deposit such funds according to law, **within a reasonable time,** and on failure so to do, such fiduciary shall account to the trust for such loss of interest **as may be found by the court to be due to his negligence."** (Emphasis ours)

This section required that the funds if not needed for current expenditures, be invested, within a reasonable time. What was a reasonable time was for the consideration and determination of the court, upon the question, when, and if presented, whether or not there had been a loss of interest to the estate due to the neglect of the fiduciaries. It is essential to the requirement that the fiduciary be caused to account for interest on funds of the estate in his hands uninvested, that the court act and make a finding that he is liable for loss of interest to the estate under the terms of the statute. Not only did the court not make such determination but the only order made which may be considered as remotely responsive to the question, is that found in the entries, of dates May 20 and June 16, 1939, wherein the court orders that the sum of $400.00 be turned over to the successor of Menke and Mannix, executors. This is the first and only order of the Probate Court which may in any view of the facts be found to be responsive to the question of the total amount with which said executors were to be charged respecting the $400.00 due the estate.

The obligation was upon the plaintiff, the sole heir and beneficiary of said estate, to urge the question here presented in the Probate Court and require an adjudication upon that specific proposition. It is doubtful, at least it does not definitely appear, that the question ever was raised in the Probate Court at the time of the entries of May 20 or June 16, 1939, or prior thereto. Mention is made of this interest question for the first time in the entry of January 3rd, 1942, in a proceeding other than the matter of the Mannix estate.

In our judgement, the right of plaintiff to a judgment for the interest which is sought to be recovered here is not included under G.C. 8305 because there was no settlement

between the parties and no final order of any judicial tribunal for the payment of such sum.

In the appeals in the **Marker Estate, 24 Abs. 400,** and **31 Abs. 281,** we discuss at considerable length the principle controlling the obligation of fiduciaries to account for interest on funds of the estate which they hold.

Judgment affirmed.

BARNES, P. J., and GEIGER, J., concur.