WALTERS ET AL., APPELLEES, *v.* WANNEMACHER, APPELLANT; ET AL., APPELLEES.

(No. 130—Decided March 26, 1964.)

*Mr. Howard S. Grimm* and *Mr. John F. Demuth,* for plaintiff-appellees.

*Mr. Harvey E. Hyman* and *Messrs. Stroup & Walters,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Probate Court of Paulding County in a declaratory judgment action.

George C. Walters died testate providing in his will that his net estate should be divided equally between the plaintiffs and the defendant Church of God of Payne, Ohio, and he then provided:

"Item IV. I am especially making this will for the purpose of making the bequests and devises as hereinbefore set forth, however, I am more especially making the will for the purpose of regulating the sale of my real estate, which is described as follows: [description here of 80 acre tract].

"The purpose of the will is that my executor, hereinafter named [the defendant Herman J. Wannemacher], who is a personal friend and has been my tenant on my farm, is to be permitted and given the first right and authority to buy the aforesaid real estate from the estate at the appraised price of the same as found and appraised by the appraisers appointed by the Probate Court of Paulding County, Ohio.

"I direct that in the appointment of the appraisers of my estate, the court very definitely appoints appraisers who will be fair in the appraisement of the farm and not show any bias or personal interest in the value as applied on the same. In the event the said Herman J. Wannemacher should find and ascertain, after the appraisement has been made, that the same is far too high, then in that event he should request the Probate Court for a new appraisement and the court is to appoint one appraiser, Herman J. Wannemacher is to appoint one appraiser, and those two appraisers are to appoint the third man to make the appraisement as to a fair market value of the farm. " * * *.

"Item VII. * * * and I authorize my executor to execute deed or other instrument of conveyance of the aforesaid real

estate in accordance with the will and bequest of my estate as hereinbefore mentioned. In other words, my executor is authorized as the executor of the estate to deed, transfer and convey to himself as an individual the real estate in accordance with the terms of purchase as hereinbefore set forth.''

In due course, appraisers suggested by the executor were appointed by the Probate Court and appraised the property in question at $18,000, which appraisal was, following the usual hearing prescribed by statute, approved by the Probate Court. The plaintiffs, not being residents of the state of Ohio, did not receive notice of this hearing and, subsequent to the order approving the inventory and appraisement, sought to have the same vacated as having been procured by fraud. The Probate Court, after a complete hearing, found that there was no fraud involved, and refused to vacate its previous order of approval.

The plaintiffs then brought this action for a declaratory judgment claiming the inadequacy of the appraised price, asking that the court answer several questions set forth in their petition, and joining as defendants Herman J. Wannemacher, both individually and as executor, and the trustees of the Church of God of Payne, Ohio. In the answer and cross-petition of defendant Wannemacher, individually and as executor, he denied the right of plaintiffs to the relief which they sought and himself prayed the court to answer eight questions by way of declaratory judgment. Upon hearing, the plaintiffs introduced, among other evidence, testimony of several witnesses as to the value of the premises, which tended to prove same of a substantially greater value than that for which originally appraised, and then rested after first obtaining the agreement of the defendant Herman J. Wannemacher to a stipulation that he ''as an individual will exercise his right under the will to elect to take the real estate at the appraised value, as set by the appraisers in the inventory and appraisement filed in the estate of the decedent.'' The defendant church trustees did not plead or appear, and the defendant Wannemacher, individually and as executor, rested without offering any evidence.

In its entry of judgment the Probate Court found the existence of the jurisdictional facts, found that Wannemacher ''would elect to take the real estate at the appraised value,'' answered each of the questions posed in the petition and cross-petition and further found and determined:

" * * * that the appraisement of real estate as shown in the inventory and appraisement is not conclusive for all purposes; that the terms of the will provide for a sale of land and not a devise; that the facts herein warrant a new appraisement of said real estate; and that Herman J. Wannemacher, as an individual, should be, and he hereby is, enjoined from further exercising his option to purchase said real estate until such time as a new appraisement is made and such sale approved by the court * * *."

It is from that judgment that Wannemacher appeals individually and assigns error as follows:

"1. The court erred in overruling defendant's motion to dismiss plaintiffs' petition.

"2. The court erred in overruling defendant's objection to the introduction of evidence.

"a. The question of appraisal is *res adjudicata*.

"b. There is no justiciable issue.

"3. The court erred in ordering a new appraisal.

"4. The court erred in answering defendant's question number 7,

" 'The effect of a provision providing for a reappraisement if the price is far too high and omitting any such provision if the price is too low is merely a showing of common sense. It is only logical that the holder of an option to purchase would not object to a value too low.'

"5. The court erred in answering defendant's question number 8,

" 'Reading the Will as a whole, there is no indication that the provisions for the appointment of appraisers were intended for the protection of Herman J. Wannemacher only, and to the exclusion of all other beneficiaries. The testator placed great emphasis upon fair appraisers and a fair appraisement.'

"6. The court erred in admitting over objection of the defendant, the testimony of the witness, Cunningham, as to sale price of other land without showing land was comparable as to adverse factors such as drainage, pipe lines crossing said land or productivity of said land.

"7. The court erred in admitting over objection of the defendant testimony of Harry McMichael as to value of farm as of September, 1961, without a showing that Harry McMichael had ever seen the farm, knew of the drainage factors affecting said

230

farm, knew of the pipe lines crossing said farm, knew of the buildings, the woodland on said farm, open ditches, etc.

"8. The court erred in admitting over objection of the defendant testimony of the witness, Moliter, as to productivity of the Walters farm without a showing that he had any actual knowledge of its productivity.

"9. The court erred in permitting the plaintiffs, after asking permission to ask one question on re-direct examination to bring up new matter on re-direct examination over the objection of the defendant."

There is no doubt of the jurisdiction of a Probate Court in a declaratory judgment action, initiated by any person interested under a will, to declare rights, status, or other legal relations thereunder, provided there is a justiciable controversy. Sections 2101.24 and 2721.03 *et seq.*, Revised Code. In this action, if no justiciable controversy existed before, one did exist after the defendant Wannemacher stipulated that he "will exercise his right under the will to elect to take the real estate at the appraised value."

The testator made Wannemacher the beneficiary of an option to purchase the realty at an appraised value reached in a certain manner. It was within the power of the testator to set any price for his realty or to establish any formula for the determination of price, and he could have provided that the appraisal thereof be made by one or more persons totally unacquainted with real estate values. However, regardless of the price set by a testator, or of the formula to determine price, so long as the beneficiary of the option is the executor the laws of Ohio (Section 2109.44, Revised Code) require the purchase and sale authorized by the will to be approved by the court:

"Fiduciaries shall not buy from or sell to themselves nor shall they in their individual capacities have any dealings with the estate, except as expressly authorized by the instrument creating the trust *and then only with the approval of the Probate Court in each instance; * * *.*" (Emphasis added.)

The prohibition of the quoted statute is expressive of the common law and the exception therein is a statutory exception, and any sale made contrary to the statutory exception is at least voidable. *Magee* v. *Troutwine*, 166 Ohio St. 466. See, also, *In re Estate of Binder*, 137 Ohio St. 26. Before the en-

actment of the statutory exception it was stated by Lane, J., in his opinion in *Armstrong* v. *Heirs of Huston* 8 Ohio 552:

"Where the law creates fiduciary relations, it seeks to prevent the abuse of confidence, by insuring the disinterestedness of its agents. It holds the relations of judge and party, of buyer and seller, to be entirely inconsistent. The temptation to abuse power for selfish purposes is so great that nothing less than that incapacity is effectual, and thus a disqualification is wrought by the mere necessity of the case. Fullness of price, absence of fraud, and fairness of purchase are not sufficient to countervail this rule of policy. To give it effect, it is necessary to recognize a right in the former owner, to set the sale aside in all cases on repayment of the money advanced. * * *''

It is therefore the opinion of this court that in order to purchase and obtain clear title to the property herein involved it is incumbent on Wannemacher not only to exercise his option to buy but to make application to and obtain the approval of the Probate Court of the sale and that the Probate Court would, on the circumstances of this case, be abusing its discretionary right of approval, which also includes the right of disapproval, if it should approve any sale where it should determine, in the exercise of such discretion, that the purchase price was not full and fair.

Nor is the Probate Court concluded by the appraisal already made and approved by it in the estate proceedings. The testator did not intend such appraisal to be conclusive for he provided for a new appraisal at the option of Wannemacher. It is further the opinion of this court that the right of approval of a sale set forth in Section 2109.44, Revised Code, *supra,* implies the right of the Probate Court to order a reappraisal within the contemplation of Section 2115.17, Revised Code:

"When the inventory required by Section 2115.02 of the Revised Code has been approved by the Probate Court, the appraisement of the real estate as set forth therein shall be conclusive for all purposes except inheritance tax, *unless a reappraisal is ordered by the court.*" (Emphasis added.)

It will be observed that the stipulation as to Wannemacher's exercise of his option to purchase is *in futuro, i. e.,* that he "will exercise his right under the will to elect to take the real estate." There is nothing in our record to show that he has

elected to exercise such option or that he has made application to the Probate Court for approval of the sale. It further will be observed that the court in its declaratory judgment did not order a new appraisement but merely found "that the facts herein warrant a new appraisement."

The testimony and evidence as to valuation offered and admitted in this declaratory judgment action cannot be prejudicial to the appellant for it cannot affect the questions of law which the court decided in rendering its judgment, does not constitute a reappraisal, or in any manner determine the price at which the Probate Court will approve a sale, for such determination may be made only pursuant to an application for approval which has not as yet been made.

For these reasons we are of the opinion that the Probate Court did not commit error prejudicial to the appellant in any of the particulars assigned and argued and that the judgment of that court must, therefore, be, and the same hereby is, affirmed.

*Judgment affirmed.*

MIDDLETON, P. J and YOUNGER, J., concur.