This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mack's Inc., appeals from the judgment of the Lorain County Court of Common Pleas which deemed its mechanic's lien invalid and denied its motion to vacate the confirmation of sale. We affirm.
On December 20, 2000, Appellees, Thurman Mollohan and Marilyn Whitten, filed a complaint for foreclosure against Court Development, Inc., Robert Court dba Court Development, Inc., RMJ Investments LTD, and Continental Concrete Walls, Inc. Thereafter, Appellees filed a motion for summary judgment, which the trial court granted. On June 1, 2001, the trial court entered its judgment entry and decree of foreclosure. Appellant moved to intervene in the action on August 1, 2001. Subsequently, Appellees moved the trial court for an order confirming the sale of the property. In response to Appellees' motion for an order to confirm the sale, Appellant filed objections; however, the trial court entered an order confirming the sale of the property. On September 7, 2001, the trial court granted Appellant's motion to intervene. Appellant then filed an answer to Appellees' complaint for foreclosure and claimed an interest in the property via a mechanic's lien. In opposition, Appellees filed a motion concerning the validity of Appellant's claimed mechanic's lien. Appellant moved to vacate the judgment entry confirming the sale of the property. On November 9, 2001, the trial court determined that Appellant's mechanic's lien was invalid and denied its motion to vacate the judgment entry confirming the sale of the property. Appellant timely appeals raising two assignments of error for review.
 ASSIGNMENT OF ERROR I "The trial court erred in holding, without receiving any evidence on the issues, the mechanic's lien of [Appellant] invalid and barring [Appellant] from asserting it."
In its first assignment of error, Appellant avers that it did not receive notice of the hearing. Additionally, Appellant alleges that the trial court did not allow it to present evidence regarding the validity of the mechanic's lien; therefore, the trial court erroneously determined that the mechanic's lien was invalid. We construe this assignment of error as an allegation of a deprivation of due process; specifically, an assertion that Appellant was denied notice of the hearing and an opportunity to present evidence.
"Due course of law" as guaranteed by Section 16, Article I of the Ohio Constitution is virtually identical to the "due process" clause of theFourteenth Amendment of the United States Constitution. In re Hua
(1980), 62 Ohio St.2d 227, 230. Due process of law requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard. Whitaker v. Estate of Whitaker (1995),105 Ohio App.3d 46, 51, citing Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 94 L.Ed. 865; State v. Edwards (1952),157 Ohio St. 175, paragraph one of the syllabus, cert. denied (1952),343 U.S. 936, 96 L.Ed. 1344. The entry of the hearing date on the court's docket constitutes reasonable, constructive notice of the time and date of the hearing sufficient to satisfy the due process requirements. SeeOhio Valley Radiology Assoc., Inc. v. Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 124.
In the present case, on September 28, 2001, the trial court journalized an entry which stated "Plaintiffs' motion concerning the validity of claimed lien of intervening Defendant Mack's, Inc. and Defendant's motion to vacate confirmation of sale will come on for hearing on October 19, 2001 at 9:00 a.m." Accordingly, the trial court's journalization of the hearing date upon the court's docket provided Appellant with the requisite notice of the hearing date and time and, thus, satisfied the due process requirements. See Ohio Valley Radiology Assoc., Inc.,28 Ohio St.3d at 124. Additionally, upon a review of the transcript of this hearing, we find that Appellant had the opportunity to produce its evidence and present its arguments to substantiate its contention that it had a mechanic's lien on the foreclosed property. However, Appellant failed to seize this opportunity as seen by Appellant's counsel's statement "I think there's good law in our favor[,] * * * but I don't think today is the day to present that evidence." Therefore, we cannot say that the trial court denied Appellant notice of the hearing or an opportunity to present evidence. Consequently, the trial court did not deprive Appellant of its due process rights. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The trial court erred in denying the motion of [Appellant] to vacate the prior order of the trial court confirming the sale and ordering distribution of all sale proceeds."
In its second assignment of error, Appellant alleges that the trial court violated its due process rights by denying its motion to vacate the confirmation of sale and ordering distribution of the sale proceeds. Appellant's allegation is not well taken.
This court notes that Appellant has failed to set forth a single, legal authority to support its contention that the trial court erred. As such, Appellant has failed to provide citations to authorities supporting its brief and the standard of review applicable to its assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res.Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v.Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 2. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Accordingly, since Appellant has failed to set forth any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. Therefore, Appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
WHITMORE, J. CONCURS.