OPINION
{¶ 1} Appellant National City Bank appeals from the decision of the Mahoning County Probate Court which denied all past fiduciary fees on approximately one hundred fifty-four trust and guardianship accounts. The main issue before us is whether a probate court abuses its discretion in denying all past fiduciary fees to a bank solely because the bank took its fees without court approval and on a quarterly rather than an annual basis. A collateral issue asks whether the court was required to hold a hearing prior to its denial of fees. For the following reasons, we find an abuse of discretion and reverse and remand for a hearing on the appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors.
 STATEMENT OF THE CASE {¶ 2} Pursuant to an investigation, the probate court discovered that the bank was delinquent in filing accounts in some trusts and guardianships. Additionally, the court noticed that the bank was taking fees without prior court approval and was doing so on a quarterly rather than annual basis. These accounts were divided into three categories, and the bank received notice to comply with the law in taking fees and file accounts by certain dates or appear and show cause why it should not be held in contempt. At this time, there were approximately fifty-six accounts to be remedied.
 {¶ 3} A hearing was held on September 15, 1998. The bank stated that it had no real excuse for failing to seek prior court approval and for taking fees on a quarterly rather than annual basis. The bank stated that it was a state-wide practice that has been occurring over the past four years. (Tr. 63). They admitted that approximately one hundred fifty accounts were affected. (Tr. 54, 75). They agreed to reimburse all fees prematurely taken plus interest, file accounts, and then seek court approval for annual fees. (Tr. 60, 65-66).
 {¶ 4} As of October 1998, a status report filed after court request established that ninety-two accounts had so far been reimbursed by the bank and that the bank intended to complete reimbursement of the remaining accounts by December. At this time, the court certified that the bank reimbursed the fees plus interest to the Manning trust (the captioned case used as an example) from May 31, 1993 through May 31, 1998.
 {¶ 5} On November 3, 1998, the probate court journalized its order that all fees taken without prior court approval be repaid with ten percent interest. The next day, the court consolidated the original fifty-six cases with the remaining one hundred fifty-four cases referred to by the bank.
 {¶ 6} On February 9, 1999, the bank filed a motion requesting approval of trustee compensation on the Manning trust from May 31, 1993 through May 31, 1998. On March 16, 1999, the probate court overruled the motion and denied all fees. The court noted that its prior judgment entry denied fees and that the bank failed to appeal that decision. The court stated that its prior entry was based upon the multiple findings of contempt against the bank and its broad failure to comply with legal requirements and to faithfully discharge the duties of its office as fiduciary. This judgment entry was filed in each of the cases. It is alleged that the fees that have been denied in the one hundred fifty-four accounts total as much as one-half million dollars.
 {¶ 7} The bank filed notice of appeal on April 12, 1999. After briefing and a hearing on this issue, this court found the appeal timely in our August 15, 2001 judgment entry. We determined that the November 3, 1998 judgment entry did not clearly determine the issue of the bank's entitlement to past fees for years of administration of the accounts; rather, it ordered reimbursement and interest and contemplated subsequent proper application for fees by the bank. This case was then fully briefed in May 2002.
 RELEVANT LAW {¶ 8} Pursuant to Local Rule 43.1 of the Mahoning County Probate Court, a testamentary trustee may charge an annual fee for ordinary services in accordance with a published schedule of compensation, unless otherwise provided by the instrument creating the trust, by law, or by order of the court. An application for trustee compensation shall be submitted for court approval with the trustee's annual account. Prob. Loc.R. 43.2(B). The court may set a hearing on the application for compensation. Prob. Loc.R. 43.2(C). Compensation shall not be paid until the application is approved by judgment entry. Prob. Loc.R. 43.4.
 {¶ 9} Under Superintendence Rule 74, effective October 1997 and analogous to former Common Pleas Superintendence Rule 43, a trustee's compensation shall be set by local rule. Sup.R. 74(A). Except for good cause shown, trustee compensation shall not be allowed while the trustee is delinquent in the filing of an accounting. Sup.R. 74(D). If there is a delinquency in the filing of an account, the court may reduce or deny compensation. Sup.R. 74(E). The court may also reduce or deny compensation, after a hearing, if the court finds the trustee has not faithfully discharged its duties. Sup.R. 74(E). Hence, under this rule, the probate court has discretion to deny trustee compensation. Nat. CityBank v. Breyer (2000), 89 Ohio St.3d 152, 159. Such a decision then can only be reversed if it is unreasonable, arbitrary, or unconscionable. Id. (implying that the reasonableness of the fiduciary's action is a key consideration).
 {¶ 10} Pursuant to Superintendence Rule 78, effective July 1997 and analogous to former Common Pleas Superintendence Rule 42 and 43, a fiduciary, whether a guardian or trustee or otherwise, shall adhere to the time period for filing an account. Sup.R. 78(A), citing to R.C. 2109.31
to help ensure compliance. The court may modify or deny fiduciary commissions to enforce adherence to the time periods. Sup.R. 78(A). Under R.C. 2109.31(A), the court may issue a citation to a fiduciary who fails to file an account when due or when ordered. If the citation is issued and the fiduciary fails to file the account prior to the appearance date, the court may order removal of the fiduciary, denial of all or part of the fees to which the fiduciary would otherwise be entitled, and/or specified fines or penalties. R.C. 2109.31(C). See, also, R.C. 2102.23.
ASSIGNMENT OF ERROR NUMBER ONE
 {¶ 11} Appellant sets forth two assignments of error, the first of which provides:
 {¶ 12} "THE PROBATE COURT ABUSED ITS DISCRETION BY DENYING FIDUCIARY FEES ON 154 ACCOUNTS IN ITS MARCH 16, 1999 JUDGMENT BASED ON THE NOVEMBER 3, 1998 ORDER."
 {¶ 13} Appellant notes that the September 15, 1998 hearing, which resulted in the November 3, 1998 judgment entry of reimbursement, was only set for the original fifty-six cases. Appellant notes that no hearing was conducted relative to the accounts outside the original fifty-six. Appellant reads the March 16, 1999 denial of fees as being wholly based on the court's November 3, 1998 entry. Appellant thus argues that the court abused its discretion by denying the fee applications based solely on an entry that was a reimbursement order and that left open the ability to properly file a fee application. Appellant notes we have already determined that the probate court incorrectly noted that its prior order was a final denial of all fees and that appellant waived the issue of past fees because of the failure to appeal from the reimbursement order. Due to our resolution of the next assignment of error, the arguments presented under this assignment are moot.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 14} Appellant's second assignment of error alleges:
 {¶ 15} "THE PROBATE COURT ABUSED ITS DISCRETION BY DENYING APPELLANT FIDUCIARY FEES WHEN ALL LEGAL CONDITIONS TO THE AWARD OF FEES WERE FULFILLED."
 {¶ 16} Appellant argues that the probate court abused its discretion in denying fees for all accounts when all procedural conditions had been fulfilled. As can be seen from reviewing the law set forth supra, the court has discretion to deny (or reduce) fees based on contempt for failure to file a timely account after a citation and notice has been served, as occurred in some of the original fifty-six cases. Sup.R. 78(A); R.C. 2109.31. The court also has discretion to deny (or reduce) fees where there is a delinquency in the filing of an account. Sup.R. 74(E); Sup.R. 74(D) (note that the court "shall" deny fees "while" the filing of the account is delinquent except for good cause shown). The court further has discretion to deny fees, after a hearing, if it believes that the trustee has not faithfully discharged its duties. Sup.R. 74(E).
 {¶ 17} Here, the court found that the bank did not faithfully discharge its duties because it took fees without prior court approval as required by Loc.R. 43.2(B) and 43.4. The court also found that the bank did not faithfully discharge its duties because it took quarterly fees rather than annual fees in violation of Loc.R. 43.1. We must determine whether the court abused its discretion, i.e. acted unreasonably, arbitrarily, or unconscionably, in denying all fees totaling near one-half million dollars for one hundred fifty-four accounts based solely on these administrative fee-taking errors that violated local probate rules. See Breyer, 89 Ohio St.3d at 159. (It also appears that some of the accounts had late account filings; however, the court did not rely on this as a reason for fee-denial in its March 16, 1999 judgment entry).
 {¶ 18} In reviewing relevant case law, we first note that the case cited by appellees is inapplicable. In re Estate of Winograd (1989),65 Ohio App.3d 76 dealt with denial of a bank's motion for reimbursement for attorney fees. We should point out that some of the following case law references R.C. 2113.34(C), which deals with the denial of compensation for executors or administrators of estates where the court finds after a hearing that such person did not faithfully discharge his duties; this statute is similar to the superintendence rules at issue here.
 {¶ 19} In Whitaker v. Estate of Whitaker (1995), 105 Ohio App.3d 46, the Fourth Appellate District upheld the probate court's decision to deny fiduciary fees where there was evidence that the executor's tenure involved mismanagement, poor decision-making, deception, self-dealing, and failure to follow an investment statute. The Twelfth Appellate District upheld the probate court's denial of fees where the executor removed $225,000 from one estate and $50,000 from another without court approval. In the Matter of Estate of Schmidt (Nov. 27, 1995), 12th Dist. No. CA95-01-013, CA95-01-014. Note that the money removed did not represent fiduciary fees but was part of the estate.
 {¶ 20} The Eleventh Appellate District has stated that the existence of premature fees taken out of rule is a good ground to reduce or eliminate the executor's fee. Estate of Gabriel (Dec. 19, 1997), 11th Dist. No. 95-L-178, citing Schmidt, 12th Dist. Nos. CA95-01-013, CA95-01-014. However, the facts of that case entailed more egregious behavior than premature fee-withdrawal. For instance, the executor had his secretary trace a beneficiary's signature, he undervalued stock in a close corporation, he incorrectly listed future rental income as actual income. Further, that court dealt with a fee reduction by the probate court not a total fee denial.
 {¶ 21} Finally, in a case where the executors and trustees transferred money in violation of a will and used non-transferred amounts to fraudulently calculate their fees, the appellate court held that the probate court did not abuse its discretion in denying executor and trustee fees. In re Estate of Veroni (Dec. 31, 1999), 11th Dist. No. 98-L-024. As can be seen, most appellate courts that have upheld early fee-taking as a ground for denial of fees have only mentioned premature fee-taking as one instance of the fiduciary's mistake and rely more heavily on the cumulative nature of the misfeasance or malfeasance.
 {¶ 22} Here, there was no malfeasance. The fees were not excessive. This bank violated a local rule in this county; annual fees may not be the rule in the other eighty-seven counties where the bank may have branches. Although ignorance of the law is no excuse, this fact tends to decrease the magnitude of the blame to be placed. The most extreme punishments should be reserved for the most extreme improprieties.
 {¶ 23} It should also be remembered that the bank reimbursed all quarterly fees taken plus ten percent interest. It then wished to recover annual fees with court approval. The court could have reduced the fees by a percentage as a reasonable way of "penalizing" the bank for its mistake, a mistake that ended up causing no identifiable harm to the beneficiaries. Instead, the court denied all fees, which according to the bank, totaled over one-half million dollars.
 {¶ 24} The bank notes that it performed extensive services for all accounts. There are no allegations of self-dealing or mismanagement. It appears to this court that the beneficiaries were more than compensated for any loss of interest on early fee-withdrawal and then also received a windfall in the form of free trustee services for prior years. We thus hold that it was unreasonable to totally deny all fees on all cases.
 {¶ 25} For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded for a hearing to determine an appropriate amount of fiduciary fees minus a reasonable discount for the bank's errors.
Donofrio, J., concurs.
DeGenaro, J., concurs.