This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dennis Didado ("Dennis"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted a divorce to Sandra Didado ("Sandra"). We affirm.
 I.
On June 5, 1998, Sandra filed a complaint for divorce from Dennis, after almost thirty-one years of marriage. The final divorce hearing was scheduled for August 13, 1999. On July 27, 1999, Dennis' counsel filed a motion to withdraw, with an accompanying motion to continue the trial set for August 13. The trial court granted both motions, continuing the trial until November 5, 1999.
Dennis failed to appear for the November 5, 1999 hearing. The magistrate heard the evidence and rendered his decision. Dennis objected to the magistrate's decision. On July 20, 2000, the trial court overruled Dennis' objections and granted a divorce to Sandra. Dennis timely appealed, raising six assignments of error.
 II. Assignment of Error No. I THE TRIAL COURT VIOLATED THE DUE PROCESS RIGHTS OF DENNIS DIDADO BY CONDUCTING A HEARING WITHOUT PROPER NOTICE.
In his first assignment of error, Dennis asserts that he did not receive notice of the divorce hearing and therefore, he was denied due process. Due process requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard. Whitakerv. Estate of Whitaker (1995), 105 Ohio App.3d 46, 51, citing Mullane v.Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 94 L.Ed. 865,873. The Ohio Supreme Court has interpreted the due process requirements, stating that an entry of the trial date on the court's docket constitutes reasonable, constructive notice of the time and date of the trial. Ohio Valley Radiology Assoc., Inc. v. Valley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124.
In this case, the trial court granted Dennis' attorney's motion to withdraw and motion for continuance prior to the August 13, 1999 trial. The trial court granted both motions on September 7, 1999 in a judgment order which specifically stated "This matter is rescheduled for trial * * * on November 5, 1999 @ 1:00 p.m." Defense counsel signed the certification, stating that a copy had been sent to Dennis. The court also issued an "Order for Trial" the same date, containing the new trial date and time. The new trial date of November 5, 1999 was also journalized and docketed into the court's system.
Accordingly, we find that Dennis did have notice of the November 5, 1999 hearing. Dennis' due process rights were not violated. His first assignment of error is overruled.
 Assignment of Error No. II THE TRIAL COURT IMPROPERLY VALUED THE MARITAL ASSETS OF THE PARTIES.
 Assignment of Error No. III THE TRIAL COURT ERRED IN THE DIVISION OF THE MARITAL PROPERTY.
 Assignment of Error No. IV THE TRIAL COURT ERRED IN [DETERMINING] THAT THERE WERE NO SEPARATE ASSETS OF THE PARTIES.
 Assignment of Error No. V THE TRIAL COURT IMPROPERLY EXCLUDED MARITAL ASSETS FROM THE DIVISION OF PROPERTY.
 Assignment of Error No. VI
THE TERMINATION DATE OF THE MARRIAGE IS IMPROPER.
Dennis' second, third, fourth, fifth and sixth assignments of error are related and will be addressed together for ease of review. These assignments of error all challenge the division of marital property. In his second assignment of error, Dennis challenges the valuation given to the couple's property. Dennis' third, fourth and fifth assignments of error challenge the trial court's characterization of property as marital or separate and the division of such. Dennis' final assignment of error asserts that the termination date of the marriage is incorrect, resulting in an inaccurate division of property.
Before the trial court reaches the stage of distributing property in a divorce action, the court must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). The characterization of the property as either marital or separate is a factual inquiry and we review such characterization under a manifest weight of the evidence standard. We must affirm the trial court's factual conclusions unless they are not supported by competent, credible evidence. Spinetti v. Spinetti (Mar. 14, 2001), Summit App. No. 20113, unreported, at 7.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment].
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340.
Once the property has been characterized as separate property or marital property, it is within the discretion of the trial court to fashion an equitable division of the property. A trial court has broad discretion in making divisions of property in domestic cases. Berish v.Berish (1982), 69 Ohio St.2d 318, 319. Accordingly, we will uphold a trial court's decision regarding the division of property absent an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We note at the outset that Dennis failed to appear for the divorce hearing. Accordingly, Dennis failed to object to the introduction of Sandra's evidence. Dennis also failed to present any contradictory evidence. Sandra presented evidence concerning the marital liabilities and assets, including real property owned by the couple, various antiques, and retirement accounts. She also presented testimony regarding the valuation of the property and of a gun collection owned by the couple.
The court reached its decision and divided the marital property based upon, and in accordance with, the only evidence before it. Therefore, this court finds that the trial court's characterization of the Didado's property as separate or marital property was supported by competent, credible evidence and was not against the manifest weight of the evidence. Further, this court finds that the trial court did not abuse its discretion in the subsequent division of the property. Accordingly, Dennis' second, third, fourth, fifth, and sixth assignments of error are overruled.
 III.
Having overruled Dennis' six assignments of error, we affirm the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR